**APEX ACCESSORIES CO., Inc. v. SPEIDEL CORP.**

United States District Court
S. D. New York.
June 7, 1951.

Joffe & Joffee, New York City, for plaintiff. Joseph Joffe, New York City, of counsel.

Buchter, Rathheim, Abrams & Hoffman, New York City, for defendant. Harold M. Hoffman, New York City, of counsel.

CONGER, District Judge.

Motion by plaintiff to terminate the taking of deposition of certain of its officers.

This is an action for a declaratory judgment to adjudicate two patents owned by defendant to be void and invalid, and not infringed by plaintiff and for unfair competition.

The action was commenced on or about March 29, 1951. No answer has as yet been served. A firm of attorneys have appeared specially for defendant without submitting defendant to the jurisdiction of the Court.

In an affidavit presented to me in opposition to this motion it is alleged that defendant intends to move [1] to quash the service of process because it is not subject to the jurisdiction of this Court, [2] to dismiss the case or have it transferred to the District Court for the District of Rhode Island because venue is laid in the wrong district and [3] to transfer the case to the

District Court for the District of Rhode Island for the convenience of parties, etc., § 1404(a), 28 U.S.C.A.

Pursuant to notice under Rule 26 defendant has been taking the deposition of one of plaintiff's officers and proposes to take the deposition of two others. The examination of plaintiff's president was partly taken when plaintiff's attorney objected to any further examination on the ground that any further examination was not warranted under the Federal rules. This motion resulted.

Plaintiff's attorney would be quite correct under Rule 26 prior to its amendment in 1946, 28 U.S.C.A., effective date, March 19, 1948.

 By the amendment the words, "By leave of court after jurisdiction has been obtained over any defendant * * *," were eliminated. The amendment made a radical change in the provision of the Rule. The amendment now permits a defendant to take the deposition of any person without leave of the Court at any time after the commencement of the action. From aught that appears in the rule the examination at this stage might be extensive and wide in scope, subject, however, to a motion for a protective order under Rule 30.

I think the better practice, in the absence of some special circumstances, is not to allow a full and extensive examination until the issues are framed.

Defendant's attorney urges that he is only seeking information to aid him in the motions which he proposes to make. Under Rule 26 he is within his rights in seeking this information from plaintiff.

Plaintiff's motion is brought pursuant to Rule 30(d) which provides for an application to terminate or limit an examination upon a showing that an examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party.

I am impressed with the fact from a reading of the papers submitted to me on this motion that defendant is pursuing the taking of this deposition in good faith. There is no reason to believe that he is unreasonably annoying, embarrassing or oppressing the deponent or the plaintiff.

I am satisfied that defendant is entitled to inquire of plaintiff's officers under the scope permitted under Rule 26(b) as to the various items in paragraphs 13, 14, 15, and 16 of the rider attached to the subpoena served on plaintiff's president.

Motion denied to the extent indicated above.

Settle order.